IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

LEON J. RICE, JR.                                                      Plaintiff

v.                              4:08CV00512 WRW/HDY

MICHAEL J. ASTRUE,
Commissioner, Social
Security Administration,                                               Defendant

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge William R. Wilson. The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection. The objections must be filed with the Clerk no later than eleven (11) days from the date of the findings and recommendations. A copy must be served on the opposing party. The District Judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

### RECOMMENDED DISPOSITION

Plaintiff, Leon J. Rice, Jr., has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for Disability Insurance benefits and Supplemental Security Income, based on disability. Both parties have submitted appeal briefs and the case is ready for decision.

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. Slusser v. Astrue, 557 F.3d 923, 925 (8th Cir. 2009); Long v. Chater, 108 F.3d 185, 187 (8th Cir. 1997); see also, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Reynolds v. Chater, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, the Court must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; the Court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. Sultan v. Barnhart, 368 F.3d 857, 863 (8th Cir. 2004); Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993).

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A); 1382(a)(3)(A). A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3); 1382(a)(C)(I).

Plaintiff alleged that he was limited in his ability to work by

lower back, leg and hip problems.  (Tr. 80)  The Commissioner found that he was not disabled within the meaning of the Social Security Act.  The only issue before this Court is whether the Commissioner's decision that Plaintiff was not disabled within the meaning of the Act is supported by substantial record evidence.

After conducting an administrative hearing at which Plaintiff and a vocational expert testified, the Administrative Law Judge[1] (ALJ) concluded that Plaintiff had not been under a disability within the meaning of the Social Security Act at any time through March 22, 2008, the date of his decision.  (Tr. 16-17)  On May 29, 2008, the Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner.  (Tr. 2-4)  Plaintiff then filed his complaint initiating this appeal.  (Docket #2)

After consideration of the record as a whole, the Court finds that the decision of the Commissioner is supported by substantial evidence.

Plaintiff was 38 years old at the time of the hearing.  (Tr. 198)  He completed the tenth grade in school.  (Tr. 85, 198)  He has past relevant work as a truck stop maintenance man, grill man in a fast food restaurant, driver for a car rental business and assembly line worker.  (Tr. 81, 87, 210)

The ALJ considered Plaintiff's impairments by way of the

---

[1]The Hon. Don Curdie.

3

required five-step sequential evaluation process. The first step involves a determination of whether the claimant is involved in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i) (2007). If the claimant is, benefits are denied, regardless of medical condition, age, education or work experience. Id. at §§ 404.1520(b); 416.920(b).

Step 2 involves a determination of whether the claimant has an impairment or combination of impairments which is "severe" and meets the duration requirement. Id. at §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). If not, benefits are denied. Id. A "severe" impairment significantly limits a claimant's ability to perform basic work activities. Id. at §§ 404.1520(c); 416.920(c).

Step 3 involves a determination of whether the severe impairment(s) meets or equals a listed impairment. Id., §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii). If so, and the duration requirement is met, benefits are awarded. Id.

If the claimant does not meet or equal a Listing, then a residual functional capacity assessment is made. Id., §§ 404.1520(a)(4); 416.920(a)(4). This residual functional capacity assessment is utilized at Steps 4 and 5. Id.

Step 4 involves a determination of whether the claimant has sufficient residual functional capacity to perform past relevant work. Id., §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If so, benefits are denied. Id.

Step 5 involves a determination of whether the claimant is able

to make an adjustment to other work, given claimant's age, education and work experience.  Id., §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If so, benefits are denied; if not, benefits are awarded.  Id.

The ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date.  (Tr. 12)  He found that Plaintiff had "severe" impairments, obesity, hypertension, osteoarthritis of the right knee, gastroesophageal reflux disease and spondylolisthesis[2] of the lumbar spine, but that he did not have an impairment or combination of impairments that met or equaled a Listing.  Id.  He judged that Plaintiff's allegations regarding his limitations were not credible.  (Tr. 14)

The ALJ found that Plaintiff retained the residual functional capacity for sedentary work with no more than occasional climbing, balancing, stooping, bending, crouching, kneeling or crawling.  (Tr. 13)  He found that Plaintiff was unable to perform any of his past relevant work.  (Tr. 15)  Based on the testimony of a vocational expert witness in response to a hypothetical question, the ALJ found that there were a significant number of jobs in the economy which Plaintiff could perform, notwithstanding his limitations, for example, grader/sorter.  (Tr. 16)  Thus, the ALJ concluded that Plaintiff was not disabled.  Id.

Plaintiff argues that the ALJ's determination that there were a

---

[2] Forward movement of the body of one of the lower lumbar vertebrae on the vertebra below it, or upon the sacrum.  PDR Medical Dictionary 1813 (3d ed. 2006).

significant number of other jobs in the national economy which Plaintiff could perform is not supported by substantial evidence in the record as a whole because the ALJ's hypothetical question to the vocational expert was faulty. (Br. 7-10) He contends the hypothetical was faulty because it did not include an inability to squat and arise from a squatting position and did not include the effects of pain on sustaining concentration, persistence and pace. (Br. 10)

The ability to squat and arise from a squatting position are not among the physical demands required of workers of any occupation. See U.S. Department of Labor, Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles, App. C (1993). Thus, those restrictions need not have been included in the hypothetical question. Certainly, those abilities are not characteristic of sedentary work.[3]

The ALJ considered Plaintiff's complaints of disabling pain, but discounted them for legally sufficient reasons. He considered Plaintiff's subjective complaints in light of the appropriate

---

[3] *Sedentary work.* Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. §§ 404.1567(a); 416.967(a) (2007).

regulations.[4]

>    Factors relevant to your symptoms, such as pain, which
> we will consider include:
>      (i) Your daily activities;
>      (ii) The location, duration, frequency, and intensity
> of your pain or other symptoms;
>      (iii) Precipitating and aggravating factors;
>      (iv) The type, dosage, effectiveness, and side effects
> of any medication you take or have taken to alleviate your
> pain or other symptoms;
>      (v) Treatment, other than medication, you receive or
> have received for relief of your pain or other symptoms;
>      (vi) Any measures you use or have used to relieve your
> pain or other symptoms (e.g., lying flat on your back,
> standing for 15 to 20 minutes every hour, sleeping on a
> board, etc.); and
>      (vii) Other factors concerning your functional
> limitations and restrictions due to pain or other symptoms.

20 C.F.R. §§ 404.1529(c)(3); 416.929(c)(3) (2007).

There is little objective support in the record for Plaintiff's claim of disability. No evaluations showed medical conditions that were disabling. Furthermore, inconsistencies between the medical evidence and Plaintiff's subjective complaints gave reason to discount those complaints. Richmond v. Shalala, 23 F.3d 1141, 1443 (8th Cir. 1994).

Given the lack of medical evidence in support of Plaintiff's allegations, the type of medications taken, the lack of treatment for significant periods of time, his poor work record, his functional capabilities and the lack of restriction placed on Plaintiff by any physician, the ALJ could rightly discount Plaintiff's subjective

---

[4]The ALJ also cited Social Security Ruling 96-7p. (Tr. 13) That Ruling tracks Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984), and 20 C.F.R. §§ 404.1529(c)(3) and 416.929(c)(3) and elaborates on them.

complaints.  See, e.g., Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005) (ALJ may discount subjective complaints if there are inconsistencies in the record as a whole); Dunahoo v. Apfel, 241 F.3d 1033, 1038 (8th Cir. 2001) (ALJ may discount complaints inconsistent with the evidence as a whole); Dodson v. Chater, 101 F.3d 533, 534 (8th Cir. 1996) (after full consideration of all evidence relating to subjective complaints, ALJ may discount complaints if there are inconsistencies in evidence as a whole).

On his current applications,[5] Plaintiff alleged an onset of disability November 30, 2003. (Tr. 56, 186) He was seen at the hospital July 9, 2003, for an injured finger. (Tr. 183) He was seen again July 24, 2005, at which time he complained of shoulder pain and an abrasion to the eyebrow which occurred while he was being arrested. (Tr. 178-182) On February 23, 2006, he saw Sanjay Reuben Dass, M.D., with complaints of back pain and right knee pain. (Tr. 149) He had filed for disability one week before. (Tr. 186) He stated the problems with his back and knee had been going on for 15 years, but he was receiving no treatment and had not been seen by a physician in a long time. Id. The doctor started him on over-the-counter Tylenol for pain. Id. He saw Dr. Dass three other times, according to the record, the last being July 12, 2006. (Tr. 152) He was to return in three days, but apparently did not do so. He was arrested December 12, 2006. (Tr. 208) He was in the Department of

---

[5]Apparently, he had filed a previous application. (Tr. 56)

Correction at the time of he hearing. (Tr. 197) He testified that he had been seen in the infirmary once for his back and knee while in the ADC. (Tr. 201) There is no medical evidence of treatment other than that enumerated above.

Plaintiff underwent a general physical examination in April of 2006. (Tr. 169-75) Plaintiff had a full range of motion in the spine and all extremities except for a slight limitation of lumbar flexion and limited flexion of the right knee. (Tr. 172) There was no evidence of muscle weakness or atrophy, and no sensory abnormalities were noted. (Tr. 173) Gait and coordination were normal. Id. He had no limitation in his ability to hold a pen and write, touch fingertips to palms, grip, oppose thumb to fingers, pick up a coin; he could stand and walk without assistive device and walk on heels and toes. Id. Circulation was normal. (Tr. 174) There was no evidence of serious mood disorder or psychosis; he was oriented to time, person and place. Id.

The ALJ's credibility analysis was proper. He made express credibility findings and gave his reasons for discrediting Plaintiff's subjective complaints. E.g., Shelton v. Chater, 87 F.3d 992, 995 (8th Cir. 1996); Reynolds v. Chater, 82 F.3d 254, 258 (8th Cir. 1996); Hall v. Chater, 62 F.3d 220, 224 (8th Cir. 1995). His credibility findings are entitled to deference as long as they are supported by good reasons and substantial evidence. Gregg v. Barnhart, 354 F.3d 710, 714 (8th Cir. 2003).

It is not the task of this Court to review the evidence and make

an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. E.g., Mapes v. Chater, 82 F.3d 259, 262 (8th Cir. 1996); Pratt v. Sullivan, 956 F.2d 830, 833 (8th Cir. 1992).

The Court has reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. Richardson v. Perales, 402 U.S. at 401; see also Reutter ex rel. Reutter v. Barnhart, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS THEREFORE RECOMMENDED that the final determination of the Commissioner be affirmed and that Plaintiff's complaint be dismissed with prejudice.

DATED this ___12___ day of June, 2009.

_____
UNITED STATES MAGISTRATE JUDGE